People v Williams (2024 NY Slip Op 06447)

People v Williams

2024 NY Slip Op 06447

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, NOWAK, AND DELCONTE, JJ.

741 KA 24-00083

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERWIN WILLIAMS, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (BENJAMIN L. ANDERSON OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH DANNAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), entered June 12, 2023. The order, among other things, determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk and a sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.).
Defendant contends that Supreme Court erred in denying his request for a downward departure. We reject that contention. Even assuming, arguendo, that defendant satisfied his burden with respect to the first two steps of the three-step analysis required in evaluating a request for a downward departure (see e.g. People v Burgess, 191 AD3d 1256, 1257 [4th Dept 2021]; cf. People v Harripersaud, 198 AD3d 542, 542 [1st Dept 2021], lv denied 38 NY3d 902 [2022]; People v Palmer, 166 AD3d 536, 537 [1st Dept 2018], lv denied 32 NY3d 919 [2019]; see generally People v Gillotti, 23 NY3d 841, 861 [2014]), we conclude, after applying the third step of weighing the aggravating and mitigating factors, that the totality of the circumstances does not warrant a downward departure to level two (see People v Scott, 186 AD3d 1052, 1054-1055 [4th Dept 2020], lv denied 36 NY3d 901 [2020]; see also People v Gillotti, 119 AD3d 1390, 1391 [4th Dept 2014]).
Contrary to defendant's further contention, his counsel was not ineffective for failing to request a downward departure based on defendant's age "because such a request had little or no chance of success" (People v Felder, 229 AD3d 1278, 1279 [4th Dept 2024] [internal quotation marks omitted]). Moreover, "viewing the evidence, the law and the circumstances of this case in totality and as of the time of representation," we conclude that defendant received effective assistance of counsel (People v Russell, 115 AD3d 1236, 1236 [4th Dept 2014]).
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court